**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOUIS RIVERA,**

          **Plaintiff,**

**-vs-**                                             **Case No. 6:09-cv-0807-Orl-22GJK**

**MCDONALD'S CORPORATION,**

          **Defendant.**

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 3)**
>
> **FILED:**      **May 13, 2009**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On May 13, 2009, Defendant McDonald's Corporation (the "Defendant") removed Plaintiff Louis Rivera's (the "Plaintiff") complaint for unpaid overtime compensation pursuant to Section 448.01, Florida Statutes and 29 U.S.C. § 216(b), the Fair Labor Standards Act (the "FSLA") to the United States District Court for the Middle District of Florida. Doc. Nos. 1, 2. In his Complaint, Plaintiff alleges that he was an employee of the Defendant, that Defendant is a covered employer under Florida Statutes and the FSLA, and that Defendant failed to pay Plaintiff overtime wages during his employment. Doc. No. 2.

On May 13, 2009, the Defendant filed a Motion to Dismiss Complaint (the "Motion"). Doc. No. 3. In the Motion and pursuant to Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, Defendants argue that the Complaint: 1) lacks specificity for unpaid overtime wages sought; and 2) fails to state a cause of action. *Id.* On May 14, 2009, Plaintiff filed a response in opposition to the Motion. Doc. No. 4.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir.2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

**III. ANALYSIS**

Plaintiff clearly seeks payment for overtime wages he alleges Defendant failed to pay. While Plaintiff did not state his rate of compensation, the number of hours that he is requesting compensation for, and the exact time periods worked, he need not do so at this stage in the litigation. It is enough that Plaintiff has alleged that he was an employee of Defendant, that Defendant failed to properly compensate him for overtime worked, and that Defendant is subject to the FLSA. Plaintiff's Complaint contains these essential allegations. Doc. No. 2, ¶¶ 1, 3, 7-9. Accordingly, the undersigned recommends that Defendant's Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on July 16, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties