# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LUIS RIVERA,

                Plaintiff,

    -vs-                                               Case No. 6:09-cv-807-Orl-22GJK

MCDONALD'S CORPORATION,

                Defendant.
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| MOTION: | JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 26) |
|---|---|
| FILED: | November 13, 2009 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| MOTION: | PLAINTIFF'S REQUEST FOR FAIRNESS HEARING (Doc. No. 27) |
|---|---|
| FILED: | January 5, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 26.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 2, 15, 19. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id.* The Plaintiff originally estimated his damages to be $15,600 in actual damages and $15,600.00 in liquidated damages. Doc. No. 26 at 3. The

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $10,000.00, representing $5,000.00 payable to Plaintiff for unpaid wages and $5,000.00 payable to Plaintiff's counsel for attorneys' fees and costs ($4,640.00 in attorney's fees and $360.00 in costs). Doc. No. 26-3 at ¶ 2. In the Motion, the parties set forth legitimate bases for his decision to compromise his damages claim. *See* Doc. No. 26 at 3. With respect to attorneys' fees and costs, Plaintiff's counsel, Carlos Leach, Esq., stated: "Plaintiff's recovery **has not and will not be reduced or diminished** by the portion allocated to attorneys' fees and costs and is not the result of any contingency fee." *Id.* at ¶ 2 (emphasis in original).

Counsel filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Carlos Leach | 18.1 | $250.00 | $4,525.00 |
| Rafael Martinez | .2 | $105.00 | $ 21.00 |
| Risma Saragih | 1.3 | $ 95.00 | $ 123.50 |
| Christie Effron | 3.05 | $ 95.00 | $ 289.75 |
| **TOTAL** | **22.65** | | **$4,959.25** |

Doc. No. 26-3. After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable. In a similar FLSA case, the undersigned has previously determined that a reasonable hourly rate for Mr. Leach is $250.00 per hour. *See Simeone v. Specialty Roofing and Coating Company*, Case No.: 6:07-cv-890-31GJK, Doc. No. 20 (M.D. Fla. May 15, 2008). Paralegal Rafael Martinez is an unlicensed attorney waiting to sit for the Florida Bar examination and has been a paralegal for more than five (5) years. Doc. No. 26-3 at 8. This Court has previously awarded an hourly rate of $105.00 per hour for a paralegal with similar experience, and, therefore, recommends that the Court find the hourly rate of

5

$105.00 per hour is reasonable. *Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771 (M.D. Fla. Mar. 20, 2007). The remaining paralegals, Risma Saragih and Christie Effron, seek $95.00 per hour, which this Court has found is a reasonable rate for paralegal services. *Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007).

Plaintiff seeks the following costs:

| Filing Fee | $ 310.00 |
|---|---|
| Service of Process | $ 50.00 |
| **TOTAL** | **$360.00** |

Doc. No. 26-3 at 8. The costs claimed are reasonable. Thus, the total amount of attorneys' fees and costs incurred is $5,319.25 ($4,959.25 + $360.00). *Id.* However, the Agreement provides for discounted fees and costs totaling $5,000.00. Accordingly, the undersigned recommends that the Court find the total fees and costs requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

The Agreement contains a provision that the agreement may be enforced "by any court having jurisdiction." Doc. 26-2 at ¶ 11. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement.

THEREON, it is RECOMMENDED that:

1. The Motion (Doc. No. 26) be GRANTED only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 7, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record